CASE NO. 24-12361-D

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

RAFAEL GOMEZ,

Plaintiff-Appellant,

v.

UNIVERSITY OF MIAMI,

Defendant-Appellee.

_____

On Appeal from the United States District Court
for the Southern District of Florida, Miami Division

District Court Case No. 1:24-cv-20993-MD

_____

Defendant-Appellee's Motion for Summary Affirmance and to Stay Briefing
_____

　　　　　　　　　　　　　　　ISICOFF RAGATZ
　　　　　　　　　　　　　　　Eric D. Isicoff
　　　　　　　　　　　　　　　Teresa Ragatz
　　　　　　　　　　　　　　　Christopher M. Yannuzzi
　　　　　　　　　　　　　　　601 Brickell Key Drive, Suite 750
　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　Telephone: (305) 373-3232
　　　　　　　　　　　　　　　Facsimile:　(305) 373-3233

　　　　　　　　　　　　　　　*Counsel for Defendant-Appellee, University of Miami*

Case No. 24-12361-D, *Rafael Gomez v. University of Miami*

# CERTIFICATE OF INTERESTED PERSONS

The following is a list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Damian, Melissa (U.S. District Judge for the Southern District of Florida)

2. Gomez, Rafael (Plaintiff-Appellant)

3. Isicoff, Eric D. (trial and appellate counsel for the University)

4. Isicoff & Ragatz, PLLC d/b/a Isicoff Ragatz (trial and appellate counsel for the University)

5. Ragatz, Teresa (trial and appellate counsel for the University)

6. University of Miami (Defendant-Appellee)

7. Yannuzzi, Christopher M. (trial and appellate counsel for the University)

# CORPORATE DISCLOSURE STATEMENT

The University of Miami is a Florida not-for-profit corporation with no subsidiaries or parent corporations. The University of Miami is wholly-owned and not publicly traded; therefore, no other entity owns more than 10% of its stock.

## DEFENDANT-APPELLEE'S MOTION FOR
## <u>SUMMARY AFFIRMANCE AND TO STAY BRIEFING</u>

Defendant-Appellee, University of Miami (the "University"), by and through undersigned counsel, hereby moves for summary affirmance of this appeal brought by *pro se* Plaintiff-Appellant, Rafael Gomez ("Gomez"), as (1) the University's position is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case and/or (2) this appeal is frivolous.

### INTRODUCTION

In this appeal, Gomez seeks review of the District Court's Order dismissing his lawsuit, without prejudice. (11th Cir. D.E. 1-2.) The District Court dismissed Gomez's lawsuit because of his failure to comply with a Court Order requiring him to serve the University with process and file proof of same by a date certain:

<u>ORDER OF DISMISSAL</u>

> THIS CAUSE came before the Court upon a sua sponte review of the record. On May 8, 2024, the Court entered an Order requiring Plaintiff to file proof of service as to Defendant, University of Miami, or show cause why this action should not be dismissed for failure to perfect service of process, by June 12, 2024. See ECF No. 6. That Order warned that failure to file proof of service or show good cause by June 12, 2024, would result in a dismissal of this action without prejudice and without further notice. Plaintiff has failed to comply with the Court's Order, has not sought an extension of time within which to do so, and has not advised that a dismissal as to this case will result in a statute of limitations bar to re-filing. Accordingly, it is ORDERED AND ADJUDGED that this action is

1

DISMISSED WITHOUT PREJUDICE. The Clerk is instructed to mark this case CLOSED.

(11th Cir. D.E. 1-3.) The record is undisputed that, despite being warned that his failure to comply would result in dismissal without prejudice and without further notice, Gomez failed to file proof of service as previously ordered by the District Court.

On August 30, 2024, Gomez filed a document with this Court entitled "Briefing Notice," which the Clerk (in docketing the filing) and the University (in attempting to interpret same) have construed as Gomez's Initial Brief. Based on a Westlaw search, the document appears to be a cut-and-paste of various portions of Course Materials from an American Law Institute Continuing Legal Education program held on March 23-25, 2022. *See* SUPREME COURT OF THE UNITED STATES NOS. 21A244 AND 21A247, CD006P ALI-CLE 443 (last accessed August 30, 2024). Gomez's filing quotes various Supreme Court cases involving COVID-19 mandates/injunctions and appears to seek injunctive relief. In other words, rather than challenge the grounds set forth in the District Court's Order of Dismissal (*i.e.*, Gomez's failure to comply with a Court Order), Gomez instead focuses solely on the purported merits of his claims. To be clear, nowhere in Gomez's Initial Brief does he address the grounds for the District Court's Order of Dismissal.

# ARGUMENT

This appeal is ripe for summary affirmance, as Gomez has not demonstrated (and cannot demonstrate) that the District Court abused its discretion by dismissing his case due to failure to file proof of service, as previously ordered by the District Court. This Court has set forth a clear standard for summary affirmance:

> Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

*Hulsey v. Alabama*, 815 Fed. Appx. 456, 456 (11th Cir. 2020).[1] *See also Austin v. Judge*, 851 Fed. Appx. 173, 174 (11th Cir. 2021) (same). Further, an appeal is frivolous "if it is without arguable merit in law or fact." *Id*. (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)).

In this appeal, Gomez's Initial Brief fails to challenge, let alone address, the District Court's grounds for dismissing his case - - *i.e.*, his failure to comply with the District Court's Order requiring him to file proof of service on the University by

---

[1] The Fifth Circuit's decision in *Groendyke* is binding precedent. *Hulsey*, 815 Fed. Appx. at 456 n.1 ("We are bound by cases decided by the former Fifth Circuit before October 1, 1981.") (citing *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*)).

June 12, 2024. That failure renders his appeal frivolous and warrants summary affirmance:

> "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). For an argument to be sufficiently briefed on appeal, the argument must include the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A).
>
> We grant the VA's motion for summary affirmance because there is no substantial question that Hulsey has abandoned any challenge to the district court's dismissal of his complaint by failing to raise any argument to that effect on appeal. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Even liberally construed, Hulsey reiterates only the merits of his claims, in addition to discussing facts that are outside the scope of those claims, without even a mention of the district court's dismissal order. *See Tannenbaum*, 148 F.3d at 1263; *see also* Fed. R. App. P. 28(a)(8)(A).

*Hulsey*, 815 Fed. Appx. at 457. *See also Shin v. Sun Poultry Servs., Inc.*, No. 24-10984, 2024 WL 3594589, at *1 (11th Cir. July 31, 2024) ("Shin abandoned any argument that the district court erred in dismissing his amended complaint for failure to properly serve his former employer or prosecute his case because he failed to challenge either ruling in his opening brief."). The same circumstances exist here.

4

Further, even if Gomez had not waived his challenge, the District Court's dismissal order is entirely in accord with Eleventh Circuit law, and this Court has upheld dismissals like this under similar circumstances:

> Pro se litigants are still held to filing deadlines. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1325–26 (11th Cir. 2001).
>
> In this case, the district court did not err by dismissing U.S. Bank as a defendant. Per the district court's order, White was required to file proof of service on U.S. Bank or, alternatively, show cause why her case should not be dismissed by May 6, 2011. However, White did not file the two affidavits of service on U.S. Bank until May 11, 2011. Therefore, they were untimely and in violation of the district court's order, and the district court did not err in dismissing U.S. Bank . . . . See *Vanderberg*, 259 F.3d at 1325–26.

*White v. Americas Servicing Co.*, 461 Fed. Appx. 841, 842 (11th Cir. 2012). Similarly, the District Court did not abuse its discretion by dismissing Gomez's lawsuit, after he previously was ordered to file proof of service by a date certain and warned that his failure to comply "would result in a dismissal of this action without prejudice and without further notice." (11th Cir. D.E. 1-3.)

In sum, because (1) the University's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case" and/or (2) "the appeal is frivolous," *see Hulsey*, 815 Fed. Appx. at 456, the University respectfully requests summary affirmance.

5

WHEREFORE, the University of Miami respectfully requests that the Court (1) stay the briefing schedule[2]; (2) grant summary affirmance; and (3) grant such further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
Eric D. Isicoff
Florida Bar No. 372201
Isicoff@irlaw.com
Teresa Ragatz
Florida Bar No. 545170
Ragatz@irlaw.com
Christopher M. Yannuzzi
Florida Bar No. 0092166
Yannuzzi@irlaw.com

*Counsel for Defendant-Appellee, University of Miami*

---

[2] Pursuant to 11th Cir. L.R. 31-1(c), the filing of a "motion for summary affirmance or summary reversal shall postpone the due date for the filing of any remaining brief until the court rules on such motion." In accordance with that Rule, the University respectfully requests that any further briefing be stayed pending resolution of this Motion.

## CERTIFICATE OF COMPLIANCE

I **HEREBY CERTIFY** that the foregoing complies with the requirements of Fed. R. App. P. 32(g)(1), as it has been prepared in 14-point Times New Roman font and contains 1,393 words.

By: /s/ Christopher M. Yannuzzi
Christopher M. Yannuzzi

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via e-mail and U.S. mail this 3rd day of September, 2024, upon the following:

Rafael Gomez
8250 W. 21st Lane
Apt. 105
Hialeah, Florida 33016
rafergomez@gmail.com

By: /s/ Christopher M. Yannuzzi
Christopher M. Yannuzzi